DOLORES DE VIZCARRONDO DE URRUTIA, Plaintiff, Cross Defendant and Appellant, *v.* RAMIRO LUENGO Y CABO, Defendant, Cross Claimant and Appellee.

No. 8662. Argued November 18, 1943.—Decided March 6, 1944.

*Francisco Vizcarrondo* for cross defendant-appellant. *Damián Monserrat, Jr.* and *Gabriel de la Haba* for cross claimant-appellee.

Mr. Justice de Jesús delivered the opinion of the court.

Clara Knight was the owner of a parcel of land in Carolina which was recorded in the registry of property of Carolina under No. 296.

In 1912 said lady segregated from said property a parcel of 5,901 square yards, which she sold to Rafael Palacios Salazar, married to Eva Knight. This new parcel of 5,901 square yards was recorded in the Registry of Property of Carolina under No. 646, and we shall hereafter refer to them by their respective numbers.

In 1918 Eva Acosta Knight acquired property No. 646 and recorded it in her favor. Later, in 1927, she also acquired and recorded in her name property No. 296. In 1931, engineer Ignacio Morales, on petition of Eva Acosta Knight, made a survey of both properties, Nos. 296 and 646, and as one was adjacent to the other the engineer set them down in a plat as a single property. In said survey there was included also another parcel which, years before, had been segregated from property No. 296. The area af all the land which was surveyed was 95,138 square meters, equal to 24.24 acres. After this survey both properties, Nos. 296 and 646 naturally remained recorded in the registry of property as two separate properties.

On October 20, 1931, after the survey referred to in the preceding paragraph had taken place, Eva Acosta Knight mortgaged a parcel of 18 acres from property 296 in favor of defendant-appellee herein to secure a loan of $3,500. Led into error by the survey of the whole land as one property, Eva Acosta Knight stated in the deed that, although property No. 296 appeared in the registry of property with an area of 20 acres, it really had an area of 24.24 acres.

In the following year, on November 18, 1932, Eva Acosta Knight executed another mortgage for $1,500 in favor of the defendant-appellee herein on the whole of property No. 296. Both loans were paid by Eva Acosta Knight, and in 1934 both mortgages were canceled. Having freed property No. 296 from liens, Eva Acosta Knight then mortgaged it in favor of the Federal Land Bank of Baltimore.

On January 3, 1935, Eva Acosta Knight admitted owing to the defendant-appellee the sum of $1,100 and to secure the same, she executed a mortgage on property No. 646, which appeared in the registry of property, as we have stated, as a separate property.

On September 26, 1936, Eva Acosta Knight sold to plaintiff herein, Dolores Vizcarrondo, property No. 296, encumbered with a mortgage lien in favor of the Federal Land Bank of Baltimore. In the deed she described property No. 296 as having and area of 20 acres, explaining, however, that, according to the survey made by engineer Ignacio Morales, said property had an area of 24.24 acres. It was stated in the deed that the sale included all the land appearing in the above-mentioned plan.

Being informed in some way that the defendant alleged that he held a mortgage on part of the property of 24.24 acres which she had purchased, plaintiff wrote to the defendant on October 29, 1936, and asked him to show his title, since the vendor had not informed her of such a lien. On March 21, 1937 the plaintiff again wrote to the defendant about the same matter, but defendant did not answer.

On April 20, 1937, the defendant instituted a mortgage foreclosure proceeding to collect $1,100 secured by the mortgage upon property No. 646 and demanded payment from Eva Acosta Knight. Later he learned that Eva Acosta Knight had been declared incapacitated and in August 1938, he amended his original complaint and demanded payment from her administrator. On December 23, 1928, when the

proceeding was under way, a public sale was held and property No. 646 was adjudicated to the defendant herein in payment of his mortgage, and the deed of judicial sale was executed accordingly.

Meanwhile, on March 6, 1938, plaintiff brought an action in the District Court of San Juan praying the court to declare, in the name of the incapacitated Eva Acosta Knight, that the sale effected by the latter to the plaintiff by deed of September 26, 1936 included, not only property No. 296, but also No. 646 and another parcel which is not involved in this action. The lower court rendered judgment for plaintiff, as a result of which property No. 646 was recorded in her favor. The property last mentioned was recorded in the name of the plaintiff before the deed of judicial sale in favor of the defendant was presented for registration. Therefore, when the record of said deed was sought, the registrar refused the same on the ground that said property No. 646 had been previously recorded in favor of the plaintiff. The defendant then moved the lower court to notify Mrs. Vizcarrondo, pursuant to § 71 of the Mortgage Law, as construed in the case of *Arroyo* v. *Zavala,* 40 P.R.R. 257, to release the property within ten days from the service of the notice by paying to the defendant, Mr. Luengo, the amount claimed in the foreclosure proceeding, or else the record of her ownership would be cancelled in the registry. The lower court, by an order of March 16, 1939, granted the motion of the defendant and ordered that notice be served on the plaintiff pursuant to § 71 of the Mortgage Law. The plaintiff took an appeal from said order and as this court did not consider Mrs. Vizcarrondo as a purchaser *pendente lite,* since her title, according to the order of October 7, 1938, issued by the lower court, derived from the deed of sale of September 26, 1936, it reversed the judgment appealed from, without prejudice to the mortgage creditor to enforce his claim in an ordinary action. *Luengo* v. *Acosta,* 56 P.R.R. 878. On October 21, 1938, Dolores Viz-

carrondo brought an action which has given rise to this appeal, wherein she sought the annulment of the foreclosure proceeding which Ramiro Luengo instituted against the former owner of the property, Eva Acosta Knight. The defendant answered, and in the event that the proceeding be annulled, he filed a cross complaint seeking to recover from the cross defendant, Mrs. Vizcarrondo, present owner of the mortgaged property, $1,100.00 as mortgage principal, $357.50 as legal interest at the annual rate of 6 per cent from February 28, 1935, until June 30, 1940, together with interest accrued until final payment of the debt, and $150 for expenses, costs, and attorney's fees in case of execution, plus the sum of $81.60 for taxes paid by the cross plaintiff and the interest accrued on that amount until the day of payment, with costs and attorney's fees incurred in that suit.

Mrs. Vizcarrondo has taken the present appeal from the judgment sustaining the complaint and cross complaint.

Since defendant Luengo has not appealed from that portion of the judgment annulling the foreclosure proceeding, this appeal is confined to that part of the judgment sustaining the cross complaint.

The dispositive part of the judgment, regarding the cross complaint, reads as follows:

"The cross complaint is hereby sustained and therefore the sale of the property described below is ordered, to pay to the defendant and cross defendant, Ramiro Luengo and Cabo, the sum of $1,100 as principal, annual interest at 6 per cent on said amount from February 28, 1935, until its final payment, $150 for costs and attorney's fees, and $49.59 for taxes: (the description of the property follows)."

From a recital of the facts in the case herein, it clearly appears that the judgment appealed from is correct. The mortgage, as we have seen, was executed by the owner of property No. 646 and duly recorded in the registry of property before it was acquired by the appellant herein. The appellant, therefore, acquired property No. 646, either as part

of property No. 296 or as a separate property under No. 646, subject to a mortgage in favor of the cross plaintiff. The judgment rendered by the Supreme Court in *Luengo* v. *Acosta, supra,* had no effect on the mortgage right that Luengo held over this property, since said judgment only covered the validity of an incident within a foreclosure proceeding that had been annulled by a judgment of the lower court. Since said mortgage has not been paid, the cross complaint seeking the recovery thereof is hereby sustained, together with interest accrued on said amount at an annual rate of 6 per cent counting from February 28, 1935, until its final payment, plus $150 for costs and attorney's fees. [2] As to the claim for taxes, the amount of $81.68 claimed by the cross plaintiff was correctly reduced by the lower court to $49.59, on the ground that out of $81.68, $32.09 corresponded to the fiscal years 1934-35 and 1935-36, when the plaintiff had not yet acquired the mortgaged property, and the payment of which did not appear in the registry of property.

For the reasons stated, the appeal should be dismissed and the judgment appealed from affirmed.